UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15MC40 RWS |
| ) | |
| KELLI J. MURPHY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on a petition to enforce a summons issued by the Internal Revenue Service to respondent Kelli Murphy on September 10, 2014. This case is currently set for a Show Cause hearing on April 22, 2015, after being continued from March 24, 2015, and March 31, 2015. Respondent Murphy appeared for the March 24, 2015, hearing through counsel, as did the IRS. At that hearing, counsel made arguments to the Court why the summons was not enforceable. The facts as alleged in the petition and supporting declaration are as follows. Jenny Lee, in her capacity as a revenue agent, is investigating the personal income tax liability of respondent for 2009 and 2010. On September 10, 2014, Lee served an IRS summons upon respondent by taping it to the front door of her house. The summons directed respondent to appear before Lee on September 30, 2014, to testify and produce books, papers, records, and other data

described in the summons. Respondent appeared on September 30, 2014, in response to the summons but did not produce the requested documents and records. By letter dated October 7, 2014, respondent was given another opportunity to comply with the summons, but she failed to do so. Lee avers that the requested documents are not already in the possession of the IRS, that the IRS has taken all required steps to issue the summons, that no Justice Department referral is in effect with respect to respondent for the years under investigation, and that it is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons to determine respondent's tax liabilities.

Congress has "authorized and required" the IRS "to make the inquiries, determinations, and assessments of all taxes" the Internal Revenue Code imposes. 26 U.S.C. § 6201(a). In support of that authority, Congress has granted the Service broad latitude to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." § 7602(a). Such a summons directs a taxpayer (or associated person to appear before an IRS official and to provide sworn testimony or produce "books, papers, records, or other data . . . relevant or material to [a tax] inquiry." § 7602(a)(1). The IRS has authority to summon not only "the person liable for tax," but also "any officer or employee of such person," any person having custody of

relevant "books of account," and "any other person the [IRS] may deem proper." 26 U.S.C. § 7602(a)(2).

If a taxpayer such as respondent does not comply with a summons, the IRS may bring an enforcement action in district court, as it has done here. See §§ 7402(b), 7604(a). To enforce that summons, the IRS "need only demonstrate good faith in issuing the summons." United States v. Clarke, 134 S. Ct. 2361, 2365 (U.S. June 14, 2014). This requires establishing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." United States v. Powell, 379 U.S. 48, 57–58 (1964). To make that showing, the IRS, as it did here, usually files an affidavit from the responsible investigating agent. See Clarke, 134 S. Ct. at 2366. To establish a *prima facie* case under Powell, the IRS need only provide a "minimal showing of good faith compliance with summons requirements." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005). The burden on the IRS with respect to the initial showing "is slight." Robert v. United States, 364 F.3d 988, 996 (8th Cir. 2004). Once the IRS makes a *prima facie* showing for enforcement, the burden shifts to respondent to prove that the petition is an abuse of court process. United States v. Thornton, 2014 WL 4364261, at *4 (D. Minn. April 9, 2014). "A person receiving an IRS

3

summons is . . . entitled to contest it in an enforcement proceeding." Clarke, 134 S. Ct. at 2367. However, the Court must be mindful that "summons enforcement proceedings are to be summary in nature . . . [as] the purpose of a summons is not to accuse, much less to adjudicate, but only to inquire." Id.

Based on Agent Lee's affidavit averring to the IRS's compliance with all four of the Powell requirements, it appears that the IRS has made a *prima facie* showing that the summons was issued in good faith.

The burden would therefore shift to respondent to disprove one of the Powell requirements or demonstrate that the enforcement of the summons would constitute an abuse of process. An abuse of process occurs when a summons is issued "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58. The taxpayer carries a "heavy" burden to prove that the IRS has abused the court's process. See United States v. Stuart, 489 U.S. 353, 360 (19889). The taxpayer must "disprove the actual existence of a valid collection purpose by the Service by presenting specific facts from which the court could infer a significant possibility of wrongful conduct by the government." Thornton, 2014 WL 4364261, at *4. "As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances

plausibly raising an inference of bad faith.  Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." Clarke, 139 S. Ct. at 2367.

At the March 24, 2015, hearing, respondent argued that the Powell requirements were not met because all administrative steps were not followed in the issuance of the summons.  Respondent challenged Agent Lee's alleged failure to place her under oath before talking to her on September 30, 2014, on the ground that Section 7602 only gives the IRS the authority to summon a taxpayer to "give such testimony, under oath . . . ."  Yet it is undisputed that respondent was not in compliance with the summons at the time she appeared as she failed to bring the requested documents, which the IRS also has the right to request under the statute.  Moreover, the Court can find no statutory requirement that a summons cannot issue unless and until an information document request (IDR) has been made and ignored.  To the extent the Internal Revenue Manual suggests otherwise, it is non-binding and cannot preclude enforcement of the summons here.  U.S. v. Lano Equipment, Inc., 2012 WL 2004432, at *4 (D. Minn. May 9, 2012).  "The judiciary should not go beyond the requirements of the statute and force IRS to litigate the reasonableness of its investigative procedures prior to obtaining judicial enforcement of the summons." United States v. Clement, 668 F.2d 1010, 1013 (8th Cir. 1982).

Respondent also argued that the requested documents are already in the possession of the IRS because they were previously provided to a special agent in the criminal division in connection with the investigation of another taxpayer. Petitioner responds that it has no access to secret criminal grand jury records in this civil investigation of respondent. Although respondent argued that there was no evidence of a grand jury investigation, she provided the Court with no authority that the IRS petition should not be enforced merely because the records were subpoenaed by a grand jury in a criminal investigation of a different taxpayer. Respondent cannot seriously dispute the secrecy of grand jury proceedings and documents provided therein, and she advanced no legally supported argument that she should not have to produce the records in response to this valid civil summons merely because she previously provided them to a grand jury. As another district court has observed in a similar context, "There is not much this Court or the IRS can do to obtain further information about a pending grand jury investigation." XElan, Inc. v. United States, 397 F. Supp. 2d 1111, 1121 (S.D. Iowa 2005). Here, the IRS has averred that it has no access to the grand jury documents and no way of examining respondent's records unless she produces them in response to the summons. Providing duplicative testimony and reproducing documents may be an insufficient basis to quash an administrative summons where some duplication would not be overly burdensome to respondent and the testimony and records

cannot be shared between the investigating bodies.  United States v. Finney, 2014 WL 6079724, at *10 (W.D. Mo. Nov. 13, 2014) (enforcing administrative subpoena under Powell standards).  Respondent also argues that the IRS obtained some of the requested records from third-party sources.  However, the "IRS is entitled, and it is a legitimate purpose to summon, original documents so as to check their consistency and completeness with those obtained elsewhere."  XElan, Inc. v. United States, 397 F. Supp. 2d 1111, 1117-18 (S.D. Iowa 2005).  Moreover, "the IRS is not barred from invoking its summons authority under Section 7602 merely because the IRS has access to some documents through a cooperating witness."  United States v. Jungels, 910 F.2d 1501, 1505 (7th Cir. 1990).

Finally, respondent argued an improper purpose in requesting these documents, alleging that the sole function of this summons is to gather information relating to the criminal investigation of another taxpayer.  While it is true that the IRS "may not seek to obtain information about a person through its summons power if that same person is also under grand jury investigation for tax crimes, or has been recommended for prosecution to the Department of Justice, for tax crimes," see United States v. Stuart, 489 U.S. 353. 362-63 (1989), this summons was issued to respondent, who is not under grand jury investigation.  The criminal investigation of one taxpayer cannot preclude the IRS from civilly investigating the tax liabilities of another taxpayer, even if there is some factual overlap.  That some

7

of the requested information may also be relevant to a criminal investigation of a different taxpayer and may have been provided in connection with that investigation does not mean the IRS is not entitled to the requested information in this proceeding.

Based on the evidence and arguments now before me, it appears that the IRS has made its *prima facie* case that the summons is enforceable and that respondent cannot meet her heavy burden of demonstrating that it is not. Nevertheless, I will provide both parties the opportunity to present evidence at the April 22, 2015, hearing. The respondent shall file a brief in support of her position that the summons is not enforceable by noon on April 10, 2015. Respondent's brief shall state the factual and legal basis for any objection to the subpoena, and shall cite to any relevant legal authority in support of her position. Petitioner shall file a responsive brief no later than noon on April 17, 2015. Absent good cause, neither party may cite or rely on an argument or case not cited in their briefs. No further briefing will be permitted on this issue, as it is the Court's intention to rule on the validity of the summons on the record at the conclusion of the hearing. **I urge the parties to avoid the time, expense, and necessity of briefing and a hearing by working out an informal resolution to this issue**.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall file a brief as set out

8

above no later than noon on **April 10, 2015**.

**IT IS FURTHER ORDERED** that petitioner shall file a responsive brief as set out above no later than noon on **April 17, 2015**.  **Absent good cause, neither party may cite or rely on an argument or case not cited in their briefs.  No further briefing will be permitted on this issue.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.